IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JONATHAN WAYNE EARTH, JR.,<br><br>               Defendant. | 8:20-CR-158<br><br>**ORDER** |

      This matter is before the Court on Defendant's Motion to Sever (Filing No. 28). An evidentiary hearing was held regarding this motion on October 15, 2020. A transcript has been filed and the matter is now ripe for disposition. For the reasons explained below, Defendant's motion will be denied.

**FACTS**

      On March 18, 2020, Defendant got into an argument with H.G. at a residence in Winnebago, Nebraska. (Ex. 3.) During the argument, Defendant hit H.G. with a pair of brass knuckles. (*Id*.) On April 16, 2020, a criminal complaint arising from H.G.'s assault was signed charging Defendant with Assault with a Dangerous Weapon in Indian Country in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and Assault Resulting in Serious Bodily Injury in Indian Country in violation of 18 §§ U.S.C. 113(a)(6) and 1153. (*Id*.) On April 16, 1010, a warrant for Defendant's arrest was issued stemming from those charges. (Case No. 8:20MJ185, Filing No. 3.)

      On April 19, 2020, law enforcement officers in Winnebago, Nebraska attempted to serve the arrest warrant issued in connection with H.G.'s assault. (Exs. 1, 4.) At approximately 7:30 p.m. on April 19, 2020, Officer Joe Littlegeorge ("Officer Littlegeorge") arrested Defendant at a residence in Winnebago. (*Id*.) Before handcuffing Defendant, Officer Littlegeorge told Defendant, "We got a federal, brother." (Filing No. 32; Ex. 1.) As he was handcuffed, Defendant asked, "What'd I do?" (Filing No. 32; Ex. 1.) Officer Littlegeorge responded, "I'll let you see a federal warrant when we get to the PD." (Filing No. 32; Ex. 1.) Defendant responded, "You can't tell me about it, or . . . ?" (Filing No. 32; Ex. 1.) The arresting officer soon said, "I went [inaudible] and

looked at it right now. I didn't know you had a federal warrant." (Filing No. 32; Ex. 1.) An officer then stated, "I know you usually call and check on them, so . . . (Filing No. 32; Ex. 1.) After the officers walked Defendant down the stairs of the residence in handcuffs, Defendant broke free and fled. (Ex. 1, 4.) Law enforcement did not locate Defendant until May 19, 2020, when he was arrested in Oroville, California. (Filing No. 32.)

On June 17, 2020, Defendant was charged in a three-count indictment in this case. (Filing No. 1.) Count 1 charges Defendant with Assault with a Deadly Weapon Intending to do Bodily Harm in violation of 18 U.S.C. §§ 113(a)(3) and 1153. (*Id.*) Count II charges Defendant with Assault Causing Serious Bodily Injury in violation of 18 §§ U.S.C. 113(a)(6) and 1153. (*Id.*) Count III charges Defendant with Escape in violation of 18 U.S.C. § 751(a). (*Id.*) The assault charges are based on the incident involving H.G on March 18, 2020. (*Id.*) The escape charge stems from Defendant's escape from custody on April 19, 2020 after the execution of the arrest warrant for H.G.'s assault. (*Id.*)

On June 17, 2020, Defendant was indicted in another case in this Court on two counts stemming from a December 16, 2020 incident in which another individual, "D.W.," was assaulted and stabbed. (Case No. 8:20CR157, Filing No. 8.) In that case, Defendant and his co-defendant are charged with Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 113(a)(3), 1153, and 2, and Assault Causing Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6), 1153, and 2. (*Id.*)

## DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 8(a), the government may charge multiple counts in a single indictment if "the offenses are of the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Rule 8 "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Under Rule 8, offenses are considered "of the same or similar character" if they "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (quotation

omitted). The time factor is determined on a case-by-case basis and "there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). Evidence overlaps for purposes of Rule 8 when evidence surrounding one offense would be probative and admissible at the defendant's separate trial for the other offense. *Id*. at 630.

For purposes of Rule 8, the question of whether offenses are based on the same act or transaction or part of a common scheme or plan should be interpreted "flexibly," requiring that the offenses have a "logical relationship" to one another. See *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005); *United States v. Park,* 531 F.2d 754, 761 (5th Cir. 1976). Offenses can be deemed to arise out of the same transaction or be part of a common plan or scheme when they are factually intertwined or are temporally related. See *United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006) (finding charges to be part of a common plan or scheme where they were connected temporally and logically). An important consideration in determining whether events are based on the same transaction or part of a common plan or scheme is whether evidence supporting the separate counts overlaps so that the same evidence would be admissible at separate trials. See *United States v. Little Dog*, 398 F.3d 1032 (8th Cir. 2005).

Once it is determined that offenses are properly joined under Rule 8, Rule 14 of the Federal Rules of Criminal Procedure specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. However, "[o]nly in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009). Prejudice must be "severe or compelling" in order to grant a motion for severance. *United States v. Liveoak,* 377 F.3d 859, 864 (8th Cir. 2004).

Defendant argues that Count III of the indictment—the escape charge—should be severed from the remaining charges. Defendant contends the escape charge is not of a same or similar character as the assault charges set out in Counts I and II, nor part of the same transaction or occurrence, or part of a common scheme or plan. Defendant further maintains that even if the counts are properly joined under Rule 8, they should be severed pursuant to Rule 14 because

evidence related to the escape charge would be prejudicial to a determination of whether Defendant is guilty of the assault charges.

In this case, the escape charge is properly joined with the assault counts under Rule 8. The counts are closely related because Defendant is alleged to have escaped from custody while being arrested on a warrant issued for the assault charges set out in Counts I and II. The events underlying the charges are temporally related. The escape occurred approximately one month after the events underlying the assault counts occurred, and three days following the issuance of the criminal complaint containing the assault charges and the related arrest warrant. "It is well established that a charge of escape or bail jumping and the underlying substantive offense are sufficiently connected to permit joinder under [Rule] 8(a)." United States v. Turner, 134 Fed. App'x. 17, 22 (6th Cir. 2005).

The question that remains is whether Defendant would be prejudiced by a joint trial. The Eighth Circuit Court of Appeals has made clear that "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010). In the Eighth Circuit, "evidence of flight or escape from custody is admissible and has probative value as circumstantial evidence of consciousness of guilt." United States v. Martinez, No. 3:06-cr-14-17, 2008 WL 700321, at *2 (D.N.D. Mar. 13, 2008). Defendant maintains, however, that in this case, evidence of the escape would not be admissible in a trial on the assault charges. Defendant contends that at the time he was arrested, he did not know if he was being arrested for the March 18, 2020 incident, December 16, 2020 incident, or something else entirely. See United States v. Boone, 437 F.3d 829, 840 (8th Cir. 2006) (stating that evidence of flight subsequent to the commission of a crime is admissible to show consciousness of guilt "where other facts suggest that [a defendant's] decision to flee was related to that offense"). According to Defendant, because he did not know why he was being arrested, the escape evidence would not be admissible to show consciousness of guilt.

To determine whether flight evidence[1] is sufficiently probative of guilt to be admissible, the court must examine whether the evidence supports the following four inferences: (1) that the

---

[1] Because flight and escape are similar evasive acts, "the analytical approach used in flight cases applies with equal force to evidence of escape." Martinez, 2008 WL 700321, at *2.

4

defendant fled; (2) that the flight evinced consciousness of guilt; (3) that the guilt related to the crime charged in this case; and (4) that the consciousness of guilt flowed from actual guilt of the crime charged.  *United States v. Chipps*, 410 F.3d 438, 449–50 (8th Cir. 2005).  Having considered these factors, the Court concludes that evidence of Defendant's escape will likely be admissible to show consciousness of guilt as to Counts I and II.

The evidence before the Court supports inferences that Defendant fled due to consciousness of guilt of the March 18, 2020 assaults. Defendant escaped from custody approximately one month after the assault forming the basis of Counts I and II.  His escape occurred just three days after the issuance of the criminal complaint and arrest warrant for those assault charges.  At the time of his escape, Defendant knew he was being arrested on a federal warrant. Although Defendant may have committed other acts warranting arrest at the time of his escape, the existence of other possible reasons for flight does not render inference of guilt from fact of flight impermissible or irrational. *United States v. Clark*, 45 F.3d 1247, 1251 (8th Cir. 1995) (rejecting the defendant's argument that it was improper to infer consciousness of guilt of carjacking when he had other reasons to flee).

There is no question that evidence of the March 18, 2019 assault would be admissible in a trial on the escape charge.  Evidence related to the escape shows the basis of Defendant's April 19, 2020 arrest, which is an element of the escape charge.  *See* 18 U.S.C. § 751(a).  Further, the assault evidence also provides a motive for the escape.  Because evidence of the escape would be admissible in a trial of all counts in the indictment, Defendant will not be prejudiced by a single trial on all charges.   Further, to the extent there could be any prejudice, such prejudiced could be cured through a limiting instruction to the jury. Therefore, severance is unnecessary.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever (Filing No. 28) is denied.

Dated this 18th day of November, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge